UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

YAKUB MUHAMMAD             CIVIL ACTION

VERSUS             18-836-SDD-EWD

YOUTUBE, LLC, YOUTUBE
ENTERTAINMENT MEDIA, LLC,
GOOGLE, LLC, ALPHABET, INC.,
ET AL.

## RULING

This matter is before the Court on the *Motion to Transfer Venue*[1] filed by all Defendants ("Defendants"). *Pro se* Plaintiff Yakub Muhammad ("Plaintiff") filed a *Memorandum in Opposition to Transfer Venue and for Rule 11 Sanctions*,[2] to which Defendants filed a *Reply*[3] and *Memorandum in Opposition to Rule 11 Sanctions*.[4] For the following reasons, the Court finds that the *Motion to Transfer Venue* filed by Defendants should be GRANTED, and its *Motion for Rule 11 Sanctions* shall be DENIED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This matter arises out of the removal of a video from Plaintiff's YouTube, LLC ("YouTube") Channel.[5] Plaintiff opened an account on YouTube, a ubiquitous video sharing website, on April 7, 2007.[6] For the past 11 years, Plaintiff has been producing

---

[1] Rec. Doc. 11.
[2] Rec. Doc. 13.
[3] Rec. Doc. 19.
[4] Rec. Doc. 16.
[5] Rec. Doc. 1-3, p. 4.
[6] *Id.* at 3.

51863

and publishing content on YouTube's website. Plaintiff's *Complaint* centers around Plaintiff's self-styled "expose" video titled "Jim Jones, Marvin Muhammad and The New Nation of Islam Cult" (the "Jim Jones Video").[7] The Jim Jones video, uploaded to YouTube on March 8, 2011,[8] is alleged to expose a cult named "The New Nation of Islam" and its leader, Marvin Muhammad.[9] Plaintiff's Jim Jones Video was allegedly removed by YouTube on July 18, 2018. YouTube sent Plaintiff a message explaining that the Jim Jones Video was removed because it violated YouTube's guidelines.[10] YouTube is also alleged to have placed a temporary 90-day penalty on Plaintiff's YouTube account. Plaintiff alleges the "90 day restriction on Plaintiff's said account specifically prevent[ed] him from live streaming his Islamic Religious services or any other service" and "prevent[ed] the Plaintiff to speak freely during Live Stream on his YouTube Account as his fellow YouTubers are able to do."[11]

As a result of YouTube's removal of the Jim Jones Video and the 90-day restriction on Plaintiff's YouTube account, Plaintiff filed suit against YouTube and the other named Defendants in the Nineteenth Judicial District Court in Baton Rouge, Louisiana, on August 9, 2018.[12] Based on Plaintiff's asserted amount in controversy in excess of $80,000,000,000 and the parties' diversity of citizenship, Defendants removed the action to this Court on September 12, 2018.[13] Defendants now move to transfer this case to the

---

[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.* at 5.
[11] *Id.*
[12] Rec. Doc. 1-1.
[13] Rec. Doc. 8-2. (Defendants timely removed this action, expressly preserving their argument that Plaintiff's mailing did not constitute service. Rec. Doc. 8-2).

51863

Northern District of California pursuant to YouTube's express forum-and-venue-selection clause.

## II. LAW AND ANALYSIS

### A. Motion to Transfer

According to 28 U.S.C. § 1404(a), a district court may transfer any civil action "[f]or the convenience of the parties and witnesses, in the interest of justice" to any other district "where it might have been brought or to any district or division to which all parties have consented."[14] Where transfer is sought pursuant to a forum-selection clause, the Supreme Court has held that the "proper application of §1404(a) requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'"[15] In *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas,* the Supreme Court held that the presence of a valid forum-selection clause requires the district court to adjust its usual analysis of a motion to transfer in three ways: (1) the plaintiff's choice of forum merits now weight; (2) the court should not consider arguments about the parties' private interests and may consider only public interest factors; and (3) when party bound by a forum-selection clause files suit in a different forum, a transfer of venue does not carry with it the original venue's choice-of-law rules.[16] Additionally, "a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a

---

[14] 28 U.S.C. § 1404(a).
[15] *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 59-60, 134 S. Ct. 568, 579, 187 L. Ed. 2d 487 (2013)(quoting *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, at 33 (1988)).
[16] *Id.* at 582.

51863

§1404(a) motion be denied."[17] Accordingly, Defendants argue that this Court should transfer venue to the Northern District of California pursuant to YouTube's current Terms of Service.

Plaintiff does not contest the validity of a forum-selection clause in YouTube's Terms of Service; instead, Plaintiff contends that the forum-selection clause contained in an earlier version of YouTube's Terms of Service, which existed at the time Plaintiff created his YouTube account in 2007, governs the present dispute. The 2007 version of the Terms of Service require any lawsuit regarding the YouTube Service be conducted in San Mateo County, rather than Santa Clara County, California, as the current version states.[18] Accordingly, Plaintiff argues that, because there is no Federal District Court located in San Mateo County, California, the Court should transfer this case to the California State Court located in San Mateo County. However, the 2007 version of the Terms of Service, the one by which Plaintiff argues he is bound, includes a clause stating that:

> "YouTube reserves the right to amend these Terms of Service at any time and without notice, and it is your responsibility to review these Terms of Service for any changes. Your use of the YouTube Website following any amendment of these Terms of Service will signify your assent to and acceptance of its revised terms."[19]

Although Plaintiff does not appear to contest the validity of YouTube's terms of service, the adjusted analysis dictated by the Supreme Court in *Atlantic Marine*

---

[17] *Id.* at 581.
[18] Rec. Doc. 11-2, p. 3, ¶10.
[19] Rec. Doc. 19, p. 9, ¶4.

51863

presupposes a valid forum-selection clause.[20] Thus, the Court will first consider the validity of the current Terms of Service. Under federal law, forum-selection clauses are presumed enforceable and considered *prima facie* valid unless shown to be unreasonable.[21] A forum-selection clause may be unreasonable if:

> (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.[22]

Considering the first factor set forth above, the Court finds that the incorporation of the forum selection clause contained in YouTube's current Terms of Service is not a product of fraud. To establish that the clause is a product of fraud, Plaintiff must "show that the inclusion of that clause in the contract was the product of fraud or coercion."[23] Plaintiff offers no substantive or argument or jurisprudence except to conclude that "defendants actions delineated herein constitutes a fraud upon this Court."[24] Defendants, however, have submitted screenshots of the current page where YouTube users upload videos which includes a statement reminding users that, "[b]y submitting your videos to YouTube, you acknowledge that you agree to YouTube's Terms of Service and Community

---

[20] *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 62, 134 S. Ct. 568, 581, 187 L. Ed. 2d 487 (2013).
[21] *Haynesworth v. The Corporation*, 121 F.3d 956, 962 (5th Cir. 1997*); In re Spillman development Group*, Ltd., 710 F.3d 299, 306 (5th Cir. 2013).
[22] *Id.* (citing *Carnival Cruise Lines v. Shute*, 499 U.S. 585, 595 (1991).
[23] *Biltz v. Google, Inc.*, 2018 WL 3340567 (D.Haw. July 6, 2018)(citing *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 518, 519 n. 14 (1974)).
[24] Rec. Doc. 13, p. 5.

51863

Guidelines."[25] The words "Terms of Service" appears as a hyperlink to the current version of YouTube's Terms of Service. Defendants have also attached uncontroverted evidence which demonstrates Plaintiff's continued use of YouTube, and thus, his assent to the current Terms of Service.[26] YouTube's Terms of Service were last updated on May 25, 2018. Between May 25, 2018 and November 1, 2018, Plaintiff uploaded six videos.[27] Further, Courts in other districts have routinely enforced YouTube's Terms of Service.[28] Plaintiff has offered little argument and no evidence or jurisprudence to show that the forum-selection clause was induced by fraud or overreaching.

Next, considering the second factor, Plaintiff will not be deprived his day in court because of the current forum selection clause. Plaintiff must show that "the selected forum is so 'gravely difficult and inconvenient' that the complaining party will, 'for all practical purposes be deprived of its day in court.'"[29] Under either the 2007 Terms of Service or the current Terms of Service, Plaintiff will have his day in court in California and offers no argument why this would not be the case. Further, Plaintiff has made no argument that the chosen law would deprive him of a remedy. According to YouTube's affidavit declaration, the only difference in the 2007 and current Terms of Service is the forum county, not the choice of law.

---

[25] Rec. Doc. 19, p. 17 (Exhibit 3, Screenshot of YouTube's upload page).
[26] *Id.* at p.9, ¶8 (Supplemental Declaration of Sami Sharaiha).
[27] *Id.* at ¶7.
[28] See *Song fi, Inc. v. Google Inc.*, 72 F.Supp.3d 53 (D.C. 2014)(Finding YouTube's Terms of Service valid and enforceable*); Feldman v. Google, Inc.*, 513 F.Supp.2d 229, 246-48 (E.D. Pa. 2007)(Google's forum selection clause was not result of fraud, overreaching, or bad faith, and was better suited for resolution in California court); *Person v. Google Inc.*, 456 F.Supp.2d 488, 493-95 (S.D.N.Y. 2006)(Same as *Person*).
[29] *Biltz v. Google, Inc.,* 2018 WL 3340567 (D. Haw. July 6, 2018) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)).

51863

Finally, allowing transfer would not violate public policy. Plaintiff has not shown that requiring him to litigate in the Northern District of California would contravene an important public policy of Louisiana. Although Louisiana has a strong public policy against forum selection clauses in the employment context,[30] Plaintiff makes no argument why this non-employment forum selection clause contravenes a strong public policy of Louisiana.[31]

Additionally, although Plaintiff makes little argument in support of his contention that the 2007 version of the Terms of Service applies, it cannot be said that he was without notice of the current Terms of Service. Since filing the opposition to this motion, expressly referencing both the current and 2007 version of the Terms of Service, Plaintiff has continued to upload videos to his YouTube channel.[32] Even accepting Plaintiff's argument as true, the terms of the 2007 agreement, to which he acknowledged he is bound, clearly states that YouTube reserves the right to update the Terms of Service.[33] Considering Plaintiff's admitted agreement to the 2007 Terms of Service, which reserved the right of YouTube to update the terms, the Court finds that Plaintiff is bound by the current version of YouTube's Terms of Service which designate Santa Clara County, California, as the proper forum.

Although the Court finds the current YouTube terms of service to be valid and controlling in this case, the Court must still consider public interest factors relevant to a motion to transfer. According to the Supreme Court, the Court is bound to give no weight to Plaintiff's choice of forum and may consider only the public-interest factors: "the

---

[30] *See* Louisiana Revised Statute 23:921A(2).
[31] *See Biltz,* 2018 WL 3340567.
[32] Rec. Doc. 19, p. 9, ¶6 (Supplemental Declaration of Sami Sharaiha).
[33] *Id.* at ¶4.

51863

administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is home with the law.[34]

The Court finds that the public interest factors weigh in favor of transfer. As Defendants point out, actions against YouTube or Google are routinely transferred to the Northern District of California.[35] Further, Defendants are correct that, "[b]ecause many millions of users from across the world use YouTube free of charge each day, the forum-and-venue-selection clause is necessary to manage the costs of litigation and reduce the inconvenience of Google and YouTube personnel of litigating all over the world."[36] Finally, Plaintiff no reference to public interest factors in his *Opposition.*

### B. Motion for Sanctions

To the extent that Plaintiff's *Opposition* contains a Rule 11 Motion for Sanction, the Court finds the motion without merit and procedurally inappropriate. According to Fed. R. C. P. 11(c)(2):

> "A motion for sanction must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

As Defendants correctly point out, "Plaintiff lumped his purported Rule 11 motion into his response to Defendants' motion to transfer venue, and he did not 'challenge' Defendants'

---

[34] *Atlantic Marine*, 571 U.S. at 63 n.6.
[35] Rec. Doc. 11-1, p. 8.
[36] Rec. Doc. 11-2, p. 3, ¶12.

51863

motion prior to filing his own motion."[37] For those reasons, Plaintiff's *Motion for Rule 11 Sanctions* is not properly before the Court and is also denied as substantively meritless.

## III. CONCLUSION

For the reasons set forth above, Plaintiff's *Motion for Rule 11 Sanction*[38] is hereby DENIED. Defendants' *Motion to Transfer Venue*[39] is GRANTED, and this case shall be transferred to the Northern District of California, San Jose Division.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>June 3, 2019</u>.

*Shelly D. Dick*
**SHELLY D. DICK, CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**

---

[37] Rec. Doc. 16, p. 3.
[38] Rec. Doc. 13.
[39] Rec. Doc. 11.

51863